*Court of Appeals, Third Circuit, Parish of St. Landry.*

## No. 6.

### JAMES M. THOMPSON v. LUDGER LEMELLE *et als.*

1. The regularity of proceedings in bankruptcy, may be enquired into in a State court, where such proceedings form the basis of an action in such court.
2. The mortgages bearing upon the property of the bankrupt, could not be canceled, and such property sold unencumbered without notice to the one holding the same ; such notice to be served upon the mortgage creditor, or his agent.
3. Where there has been no such notice, the order of the Bankrupt Court, canceling mortgages is a nullity ; and it will be so pronounced, even in a collateral proceeding.
4. The recitations of such an order that there was proper notice to such mortgagees, furnish only *prima facie* evidence of the fact.

*Appeal from the Thirteenth Judicial District Court, Parish of St. Landry. Hudspeth, Judge.*

---

*John N. Ogden* and *John E. King* for plaintiff.

*Richardson & Magruder, Jos. A. Breaux* and *Kenneth Baillio* for defendants, appellants.

Ludger Lemelle and his co-heirs held a conventional and legal mortgage upon real estate of Benjamin Dejean, who, on December 28th, 1868, went into bankruptcy. The land in question was sold by the assignee to George Willard, who subsequently disposed of it to J. M. Thompson. Plaintiffs, on July 12th, 1870, obtained judgment in the District Court of St. Landry against their tutor, François Lemelle, for three thousand dollars, with recognition of their legal mortgage, the latter to take effect from the 7th of January, 1848. The property in question was affected by said mortgage, when it passed to Dejean, who specially recognized it in his act of purchase. He also, at the same time, assumed the debt due to the Lemelle heirs, and specially mortgaged the same property to secure it These heirs, after Thompson's purchase, attempted to foreclose, but were enjoined by Thompson, on the ground that his vendor, Willard, had acquired, under the sale in the bankruptcy of Dejean, a title free from all mortgages and encumbrances, and that this particular mortgage had been canceled and erased by order of the United States District Court.

Previous to the sale by the assignee, he had obtained, upon his petition and prayer to that effect, an order against François Lemelle, administrator of Ludger Lemelle, to show cause on the 6th of March, 1869, at 11 o'clock, A. M., why the property should not be sold as prayed for, and why all encumbrances should not be erased. It was also ordered that said administrator, and all other persons, be served with a copy of the petition and order, in person, or through their attorneys, or by publication of a copy of said petition and order, three times in the New Orleans Republican.

On the 6th of March, 1869, a decree was entered, declaring that said administrator had been notified, and that the facts recited in the petition were true, and hence, authorizing the

sale and cancellation of mortgages, as prayed for in the petition of the assignee. After the sale, the purchaser, Willard, and by rule against the Recorder of Mortgages for the parish of St. Landry, secured the erasure of this mortgage from the books of record for the parish; all of which was done before the sale to Thompson. Upon trial in the Court below, the injunction was perpetuated and defendants have appealed.

IRION, J.—After stating pleadings and facts. On the trial of the case several bills of exception were taken, but we do not consider it necessary to notice them separately, as the questions they raise are so intimately connected with the issues on the merits, that they can all be decided together.

It is contended, on the part of the plaintiff, that the proceedings of the United States District Court, in the estate of Dejean, have become final as to defendants, and that they cannot enquire into the regularity of those proceedings in a State court; and further, that the order for the sale of the property contains a judicial finding of facts which cannot be contradicted by the defendants.

In Willard v. Bringham, 25 La. An. 600, the Court held: "That a mortgage creditor might enquire into the regularity of proceedings of the United States Court under which property had been sold free of encumbrances, and determine whether or not the order for the sale of the property had been properly rendered." In Pickett v. Haynes, 28 La. An. 844, the defendant claimed to be the owner of the land under his title from the assignee in bankruptcy, which he said he purchased free from all mortgages, or other encumbrances. The plaintiff alleged that the sale set up by the defendant was a nullity, because it was made without any notice to plaintiffs, and in fraud of their rights, and was not made in conformity with the requirements of law. They denied that there were ever any legal proceedings had in bankruptcy, and averred that if the recorder of the parish had assumed to cancel their mortgages, his action was illegal and unauthorized, and that the cancel-

lation should be erased. The Court held that these issues were properly made, and again permitted the plaintiff to enquire into the regularity of the bankrupt proceedings under which the property was sold. In 31 La. An. 745, the Court said: " Three of the defendants contend that the title relied upon by plaintiff is an absolute nullity. If it were, plaintiff replies, it is derived from the execution of a judgment rendered by a Federal court, and its validity cannot be enquired into either by or before a State tribunal. In this she is certainly mistaken. That judgment is not binding on those who are not parties to it, and, as it is made the basis of her action, its validity may be collaterally enquired into." In the case of Shorten v. Booth, 32 La. An. 397, the Court again permitted an enquiry into the regularity of bankrupt proceedings, in order to determine whether or not the property was sold free of encumbrances, and, in view of the fact, that our attention has not been called to a single authority from any court in which the contrary principle is held, we must consider the point as settled by the repeated decisions of our Supreme Court.

It now remains to consider whether or not the proceedings had in the United States District Court, in the estate of Benjamin Dejean, were such as the law requires in order to convey an unencumbered title to the purchaser. It is not, nor can it be questioned, that notice to the mortgage creditor is necessary in order to dispose of property free of his mortgage. The plaintiff in this case relies upon the recitals of the judge in the order for the sale to establish the fact that the necessary notices were given to the defendants.

Under the authority of the decisions to which we have already referred, we are constrained to consider that the recital in the order of sale is only *prima facie* evidence of the fact recited, and may be rebutted by contrary proof. To make this proof, the defendants offered the depositions of Loew, and a copy of all the proceedings in bankruptcy having reference to e sale of the property.

Thompson vs. Lemelle et als.

An examination of these shows that the court ordered that notice of the petition and order be served upon François Lemelle by serving a copy thereof upon him, or by publishing a copy in the New Orleans Republican. Section 5019 of the United States Revised Statutes requires that notice shall be given both by publication in a newspaper, and by written or printed notice, by mail or personally. Bump, in his Law and Practice in Bankruptcy, page 156, says: "As this proceeding specially affects the rights of the secured creditor, he must be properly notified and summoned to appear and protect his interests. This is done by passing an order to show cause, and directing that a copy of such order and petition be served on him. If the notice is served on an agent of the secured creditor, and such agent appears for the creditor, that is sufficient." On page 361 several authorities of other courts than ours are referred to to show that "every creditor must have notice served upon him in the manner prescribed by the act, otherwise he will not be bound by the proceedings." In the 28th La. An. 846, the Supreme Court said: "The question is whether or no the sale interfered with the plaintiffs' rights.? And this depends upon whether the plaintiffs were parties to the bankrupt proceedings and to the sale. Unless they were notified of the bankrupt proceedings they were not parties to them and are not bound by them. The only thing which has the appearance of notice is the schedule and publication which is filed by the bankrupt. But this is not sufficient. The parties must be notified, and of this there is no evidence in the record." In 32 La. An. 399, the Court held that though the decree recited that the required notice had been given and ordered the sale free of encumbrances, the proof showed that the mortgage creditors had never been legally notified of the proceedings, and denied their claims only because they had waived the mortgage by their own acts.

The absence of any return of the Marshal, and the depositions of the Clerk of the United States Court, satisfy us that the defendants were never notified of the motion to sell the

property of Dejean free of emcumbrances, and the judgment of the District Court must, therefore, be considered null.*

Judgment reversed and plaintiffs' injunction dissolved, but without damages, he to pay costs of both courts.

---

* See, also, Foster et al. *v.* Ames et al., 2 Bankrupt Reg. 455; *In re* Kirkland, 10 Blatch. 515; Ray *v.* Norsworthy, 23 Wall. 128; Haynes *v.* Pickett, affirmed by the Supreme Court of the United States, under rule, March 13th, 1877, Opinion Book, October Term, 1876, p. 635; Widow Mary Murphy *v.* Factors' and Traders' Ins. Co. et al., No. 6399, late Supreme Court of Louisiana, lately decided. The foregoing authorities are from the brief of Mr. Jas. D. Coleman, attorney for plaintiff in last cited case, which case is now pending before the Supreme Court of the United States, on writ of error to the Supreme Court of Louisiana.—Reporter.